UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>THREE REAL PROPERTIES )<br>LISTED IN PARAGRAPH THREE ) | Civil Case No. |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

COMES NOW the United States of America (the "United States" or the "Government"), by and through Tara M. Lyons, Acting United States Attorney for the Southern District of Georgia, and J. Bishop Ravenel, Assistant United States Attorney, and brings this Verified Complaint for Civil Forfeiture *In Rem*, with the following allegations:

**NATURE OF THE ACTION**

1. *In Rem* civil forfeiture is permissible under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G").

2. The Defendants *In Rem* are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7) on the grounds that the **Defendant Properties**, as defined later herein, are real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which was used, and intended to be used, in any manner or part, to commit, and to facilitate the commission of, violations of Title 21 of the United States Code punishable by more than one year's imprisonment, including Manufacturing a Controlled Substance (Marijuana) in violation of 21

U.S.C. § 841(a)(1), Possession with Intent to Distribute a Controlled Substance (Marijuana) in violation of 21 U.S.C. § 841(a)(1), and Conspiracy to Manufacture and to Possess with Intent to Distribute a Controlled Substance (Marijuana) in violation of 21 U.S.C. § 846.

### **THE DEFENDANTS *IN REM***

3. The Defendants *In Rem* (hereinafter, collectively the **"Defendant Properties"**) include the following assets:

    a. Real property located in Pierce County, Georgia, hereinafter "**Defendant Property 1**":

All of the property located at tract of land, containing 50 acres, more or less, lying in original Land Lot No. 237 in the 4th Land District of Pierce County, Georgia, 31557 bounded as follows: Northwardly by U.S. Highway No. 84 (that also being Georgia Highway No. 38); Eastwardly by lands of the Patterson Milling Company; Southwardly by the right-of-way of the SCL Railroad (formerly the ACL Railroad); and Westwardly in part by lands of Harris Gin Company and in part by lands of Gloria Griner Amos. Said lands conveyed hereby are designated as Lot #5, containing 30.49 acres, and a Lot #6 containing 19.67 acres, on a plat of lands of H. J. Griner, Sr., recorded in Plat Book 6, Page 54, in the public records of Pierce County, Georgia.

There is excepted from the above described tract of land a 40' x 40' parcel of land conveyed by Miss Eliza C. Wylly to Georgia Power & Light Company in Deed dated October 8, 1935, recorded in Deed Book 3-I, Page 166, in the Public Records of Pierce County, Georgia, and which 40' x 40' parcel lies in the northwesterly corner of Lot #5 aforementioned as composing a part of the lands conveyed hereby.

LESS AND EXCEPT: 0.103 aces conveyed in that right-of-way deed recorded in Deed Book 224, Page 104.

LESS AND EXCEPT: 0.053 acres conveyed in that right-of-way deed recorded in Deed Book 224, Page 108.

LESS AND EXCEPT: 0.459 acres conveyed in that deed recorded in Deed Book 199, Page 392.

LESS AND EXCEPT: 0.024 acres conveyed in that deed recorded in Deed Book 224, Page 66.

b. Real property located in Brantley County, Georgia, hereinafter "**Defendant Property 2**":

All of the property located at 2804 Hwy 110E in Waynesville, Brantley County, Georgia 31566 to include the physical land being Brantley County Parcel Number B073 112, which is 27.07 acres:

All that tract of land lying and being in G.M.D. 1493, of Brantley County, Georgia, containing 27.074 acres as shown on that certain survey prepared by Everett Tomberlin and Associates, Everett Tomberlin, GRLS No. 2922, dated August 22, 2013 and being more particularly described as follows: COMMENCING at a concrete monument on the South right-of-way of Highway 110 and the East right-of-way of Plantation Drive, thence North 23 degrees 46 minutes 46 seconds West for a distance of 135.24 feet to a 1/2 inch rebar set witnessed by a 3 inch creosote post being the POINT OF BEGINNING, thence along the North right-of-way of Highway 110 North 71 degrees 29 minutes 29 seconds West for a distance of 849.94 feet to a 1/2 inch rebar set witnessed by a 3 inch creosote post, thence North 32 degrees 41 minutes 47 seconds West for a distance of 1188.10 feet to a 1/2 inch rebar set witnessed by a 3 inch creosote post, thence South 72 degrees 32 minutes 19 seconds East for a distance of 250.34 feet to a 1/2 inch rebar set witnessed by a 3 inch creosote post, thence South 80 degrees 17 minutes 50 seconds East for a distance of 619.61 feet to a concrete monument found, thence South 81 degrees 27 minutes 17 seconds East for a distance of 938.48 feet to a 5/8 inch rebar found, thence South 19 degrees 08 minutes 06 seconds West for a distance of 1006.25 feet back to the POINT OF BEGINNING.

c. Real property located in Brantley County, Georgia, hereinafter "**Defendant Property 3**":

All of the property located at 10155 North Main Street, Nahunta, Georgia 31553:

All that tract or parcel of land situate, lying and being in Land Lot No. 88, 2nd Land District, Brantley County, Georgia, and lying within the corporate limits of the City of Nahunta, and more particularly described on a certain plat of survey made by David S. Page, Georgia Registered Land Surveyor #793, which plat is dated December 31, 1985, and recorded in Plat Book 4, page 140, in the Office of the Clerk of Superior Court, Brantley County, Georgia, and according

to said plat is more particularly identified as Lot "H" and Lot "I". PARCEL NA05 070.

## JURISDICTION AND VENUE

4. The United States brings this action *in rem* in its own right to forfeit the **Defendant Properties**.

5. This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345.

6. The Court has jurisdiction over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

7. The Court has *in rem* jurisdiction over the **Defendant Properties** pursuant to 28 U.S.C. § 1355(b).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and/or omissions giving rise to the forfeiture of the **Defendant Properties** occurred in this district, and also pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the **Defendant Properties** are located and found in this district.

9. Criminal acts occurred in the Southern District of Georgia in violation of 21 U.S.C. § 841(a)(1) (Manufacturing Marijuana), 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute Marijuana), and 21 U.S.C. § 846 (Conspiracy to Manufacture and to Possess with Intent to Distribute Marijuana), which violations are punishable by more than one year's imprisonment.

10. Pursuant to Rule G(3)(a) and 18 U.S.C. § 985(c)(2), a notice of this forfeiture action and copy of the complaint shall be posted on the real properties and

served on the owner(s) of the real properties.  Thereafter, under 18 U.S.C. § 985(c)(3), neither the issuance of a warrant *in rem* nor any other action will be necessary for the Court to establish *in rem* jurisdiction over the **Defendant Properties**.

## BACKGROUND INFORMATION

11.   On or about August 27, 2014, Ricky Chen ("CHEN") and Haiwen Huang ("HUANG") acquired ownership of **Defendant Property 1** through a sale by its then owner.

12.   On or about March 27, 2015, CHEN and HUANG executed a quitclaim deed transferring **Defendant Property 1** to HG, LLC, a Georgia company.

13.   HG, LLC was formed in or about October 2013 and administratively dissolved in or about December 2016.

14.   As of on or about May 15, 2014, CHEN was a member or manager of HG, LLC.

15.   On or about May 31, 2014, HG, LLC acquired ownership of **Defendant Property 2** through a quitclaim deed.

16.   On or about April 7, 2020, HUANG acquired ownership of **Defendant Property 3** through a quitclaim deed.

## FACTS AND BASIS OF FORFEITURE

### Defendant Property 1

17.   This investigation was initiated by Pierce County Sheriff's Office ("PCSO") and Brantley County Sheriff's Office ("BCSO") into illegal marijuana manufacturing operations that resulted in the seizure of approximately 11,153

marijuana plants in Pierce County, Georgia (**Defendant Property 1**) and the seizure of approximately 4,363 marijuana plants in Brantley County, Georgia (**Defendant Property 2**). A third property (**Defendant Property 3**) was used to store materials used in the marijuana manufacturing operations. Six Chinese nationals were arrested as a result of the investigation.

18. In or about July 2023, the PCSO began receiving complaints about a strong odor of marijuana coming from **Defendant Property 1.** From the public area near 6889 U.S. Highway 84, directly in front of **Defendant Property 1**, PCSO officers could smell a strong odor of marijuana.

19. In or about July, August, and September 2023, PCSO officers began conducting surveillance of **Defendant Property 1.** The property is divided by a creek. On the east side, officers observed a locked gate behind which was a trailer, Georgia Power meters, and a large barn. On the west side of the creek, officers observed another locked gate behind which stood a large building with no visible windows. During the surveillance period, officers also walked railroad tracks adjacent to the **Defendant Property 1** and could again smell the odor of marijuana emanating from the property.

20. On or about January 18, 2024, law enforcement assisted Georgia Power employees with maintenance on **Defendant Property 1**, as the employees had reportedly stated that persons at **Defendant Property 1** had made the Georgia Power employees feel unsafe by following the Georgia Power employees around while they were trying to conduct checks on the meters and other equipment. Prior to

entering the property, Georgia Power employees disclosed to law enforcement that they had come multiple times to the location because the meters kept overheating. Overheating meters are indicative of heavy power usage. While on the property, law enforcement encountered an Asian male, who stated that the property was used to catch and process fish into fish cakes. The interviewing officer did not observe any equipment indicative of fish processing, nor did the officer smell any fish.

21.     After leaving the property, officers checked public records for business license information associated with **Defendant Property 1**. They discovered no business license associated with the property and specifically nothing involving the sale of fish or fish cakes. PCSO consulted the Georgia Department of Agriculture ("DOA"), which informed PCSO that any business involved in the sale of any fish or fish products would have to be permitted by DOA and subject to inspection. No such permits or inspections existed for a business on **Defendant Property 1.**

22.     On or about February 13, 2024, PCSO obtained a state search warrant to obtain data stored by Georgia Power regarding the power usage on **Defendant Property 1**.

23.     On or about February 19, 2024, after receiving the warrant return, law enforcement discovered there were 11 power meters on the property and that there was an average monthly power bill of approximately $12,100, which was consistent with the amount of power used by a marijuana grow operation.

24.     On or about February 23, 2024, PCSO executed a state search warrant at **Defendant Property 1** for marijuana and other evidence relating to an indoor

marijuana grow operation. The PCSO located a sophisticated indoor marijuana grow operation, which included grow lights, ventilation systems, and piped water supply for the plants. Officers seized over 11,000 marijuana plants, grow lights, a tractor, timers, and other implements used for the operation from the **Defendant Property 1**. The plants were located in the large building situated on **Defendant Property 1**. Officers also located and seized several firearms. Firearms are often used in illegal drug manufacturing and distribution operations. Outside on the property, investigators located numerous discarded marijuana plant root structures as well as a water system piping water from ponds on the property to supply the indoor marijuana plants. Further, berms around the property partially concealed the interior of the property from observation.

## Defendant Properties 2 and 3

25. Concurrent with the investigation led by PCSO, BCSO was investigating a similar marijuana grow operation regarding **Defendant Property 2**. Pierce County and Brantley County are adjacent to one another. Law enforcement officers in these counties routinely share information and did so in this investigation.

26. In or about February of 2024, PCSO detectives shared information regarding their investigation of the marijuana manufacturing operation at **Defendant Property 1** with BCSO. In response, BCSO searched public records for other properties owned by HG, LLC in the area and discovered that HG, LLC owned **Defendant Property 2**. BCSO also identified the connection between HUANG and **Defendant Property 3**.

27. BCSO searched public records and interviewed city employees of the nearest town, the city of Nahunta. BCSO discovered evidence showing that **Defendant Property 2** was being used as a residence, with water and trash services. **Defendant Property 2** did not show any record of business licenses, similar to **Defendant Property 1**. BCSO conducted surveillance of **Defendant Property 2**, and an officer smelled marijuana odors emanating from the property.

28. At **Defendant Property 3**, a BCSO officer observed a white van registered in New York to HUANG. Another BCSO officer observed a semi-truck unloading pallets in the parking lot at **Defendant Property 3.** The pallets appeared to be loaded with 50 pound bags with unknown contents. The property had no known current business dealings and was an abandoned restaurant which had not operated for several years.

29. Based on its investigation, BCSO obtained a state search warrant for **Defendant Property 2** authorizing the search and seizure of marijuana, paraphernalia, records, and other materials relating to drug trafficking.

30. On or about February 23, 2024, BCSO executed the search warrant at **Defendant Property 2** and discovered multiple rooms containing a sophisticated indoor marijuana grow operation, which included grow lights and piped water supply for the plants. Officers seized over 4,000 marijuana plants, grow lights, a tractor, timers, ventilation systems, and other implements used for the operation. Officers also located and seized several firearms, which are often used in illegal drug manufacturing and distribution operations. The equipment used in the marijuana

manufacturing operation at **Defendant Property 2** was consistent with the equipment observed at **Defendant Property 1**. Outside on the property, investigators located numerous discarded marijuana plant root structures as well as a water system piping water from ponds on the property to supply the indoor marijuana plants. Further, berms around the property partially concealed the interior of the property from observation.

31. During the execution of the search warrant at **Defendant Property 2,** officers also found 50 pound bags of potting soil matching the bags seen on pallets at **Defendant Property 3**. Officers additionally located shipping boxes addressed to "Simon Huang" at the address of **Defendant Property 3.** On or about February 23, 2024, BCSO secured and later executed a state search warrant for **Defendant Property 3**, where officers located supplies for the marijuana grow operations, diagrams of marijuana manufacturing operations consistent with the setups at **Defendant Property 1** and **Defendant Property 2**, documents connecting the residence to Chinese persons in New York including Huang, and fabricated tables similar to the tables used at **Defendant Property 2** and **Defendant Property 3**.

32. On or about February 25, 2024, HUANG fled the United States to Mexico and returned to China.

33. CHEN's whereabouts are currently unknown.

34. In or about November 2024, an indictment was returned against HUANG and seven other coconspirators by the Grand Jury for the Southern District

of Georgia charging violations of 21 U.S.C. §§ 846 and 841 (a)(1) in Case No. 5:24-cr-10.

### Summary

35. As a result of the facts set forth herein, the **Defendant Properties** were used, and intended to be used, in any manner or part, to commit, and to facilitate the commission of, violations of Title 21 of the United States Code punishable by more than one year's imprisonment, including Manufacturing a Controlled Substance (Marijuana) in violation of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute a Controlled Substance (Marijuana) in violation of 21 U.S.C. § 841(a)(1), and Conspiracy to Manufacture and to Possess with Intent to Distribute a Controlled Substance (Marijuana) in violation of 21 U.S.C. § 846.

### CLAIMS FOR RELIEF

**First Claim for Relief**
**(Forfeiture Pursuant to 21 U.S.C. § 881(a)(7))**

36. The United States incorporates by reference the allegations contained in paragraphs 1 through 35 above as if set forth fully herein.

37. The **Defendant Properties** were used, and were intended to be used, in any manner or part, to commit, and to facilitate the commission of, a violation of 21 U.S.C. § 841(a)(1) (Manufacturing Marijuana).

38. The **Defendant Properties** are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

### Second Claim for Relief
### (Forfeiture Pursuant to 21 U.S.C. § 881(a)(7))

39. The United States incorporates by reference the allegations contained in paragraphs 1 through 35 above as if set forth fully herein.

40. The **Defendant Properties** were used, and were intended to be used, in any manner or part, to commit, and to facilitate the commission of, a violation of 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute Marijuana).

41. The **Defendant Properties** are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

### Third Claim for Relief
### (Forfeiture Pursuant to 21 U.S.C. § 881(a)(7))

42. The United States incorporates by reference the allegations contained in paragraphs 1 through 35 above as if set forth fully herein.

43. The **Defendant Properties** were used, and were intended to be used, in any manner or part, to commit, and to facilitate the commission of, a violation of 21 U.S.C. § 846 (Conspiracy to Manufacture and Possess with Intent to Distribute Marijuana).

44. The **Defendant Properties** are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7).

## CONCLUSION

45. WHEREFORE, the United States of America prays that:

    a.    The **Defendant Properties** be forfeited and condemned to the use and benefit of the United States;

    b.    The United States be awarded its costs and disbursements in this action and for such other and further relief as this Court deems just and proper; and

    c.    Due notice be given to all parties to appear and show cause why the forfeiture of the **Defendant Properties** should not be decreed.

Respectfully submitted this 24th day of February 2025.

        TARA M. LYONS
        ACTING UNITED STATES ATTORNEY

By:    */s/ J. Bishop Ravenel*
        J. Bishop Ravenel
        Assistant United States Attorney
        Virginia Bar Number 70250
        P.O. Box 8970
        Savannah, GA 31412
        (912) 652-4422

## VERIFICATION OF COMPLAINT FOR FORFEITURE *IN REM*

I, Task Force Agent Ryan C. Alexander, have read the foregoing Complaint for Forfeiture *In Rem* in this action and state that its contents are true and correct to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this 14th day of February 2025.

Ryan C. Alexander
Task Force Agent
Drug Enforcement Administration

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Three Real Properties Listed in Paragraph Three

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
J. Bishop Ravenel, AUSA, United States Attorney's Office-SDGA
P.O. Box 8970, Savannah, GA  31412 (912) 652-4422

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question *(U.S. Government Not a Party)*
[ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  |  | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability |  | ☐ 380 Other Personal Property Damage |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
|  |  |  | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
|  |  |  |  |  | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| [X] 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

### V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. Sections 881(a)(7), 841(a)(1), 846
Brief description of cause:
civil forfeiture of real property to the US under Rule G Admiralty or Martime Claims and Asset Forfeiture Actions

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 02/24/2025
SIGNATURE OF ATTORNEY OF RECORD: s/J. Bishop Ravenel

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.