UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA,        )
                                 )
v.                               )        Case No. 5:25-CV-18
                                 )
THREE REAL PROPERTIES            )
LISTED IN PARAGRAPH THREE        )

## ORDER

Presently before the Court is the Government's Motion for Default Judgment and Final Order of Forfeiture. Dkt. No. 16. For the following reasons, this motion is **GRANTED**.

## BACKGROUND

A Verified Complaint for Forfeiture *In Rem* was filed in this case on February 24, 2025. Dkt. No. 1. The Verified Complaint alleges that the Defendants *In Rem* (as more fully described in the Verified Complaint at Dkt. No. 1 at 2–4):

a. All of the property located at the tract of land, containing 50 acres, more or less, lying in original Land Lot No. 237 in the 4th Land District of Pierce County, Georgia, 31557 ("**Defendant Property 1**");

b. All of the property located at 2804 Hwy 110E in Waynesville, Brantley County, Georgia, 31566 ("**Defendant Property 2**"); and

c. All of the property located at 10155 North Main Street, Nahunta, Georgia, 31553 ("**Defendant Property 3**")

(hereinafter, the "Defendant Properties") are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7). Dkt. No. 1 at 1–4. The Verified Complaint and the instant motion provide the factual basis showing the Defendant Properties are forfeitable to the United States. Dkt. Nos. 1, 16.

In March 2025, the Government provided reasonable notice of the Verified Complaint for Forfeiture *In Rem* to all known potential claimants. Dkt. No. 3. Additionally, the Government published the notice of forfeiture on its official website (www.forfeiture.gov) for thirty consecutive days beginning on March 1, 2025, through March 30, 2025. Dkt. No. 7; Dkt. No. 7-1 at 2.

*Lis pendens* were filed regarding the Defendant Properties in appropriate state courts (Dkt. Nos. 4, 4-1, 4-2, 4-3, 4-4, 4-5, 4-6), and copies of the Verified Complaint for Forfeiture *In Rem* (Dkt. No. 1) were posted at the Defendant Properties (Dkt. Nos. 5, 5-1, 5-2, 5-3), all of which occurred in or before March 2025.

The sole claim received was withdrawn[1] on January 13, 2026. Dkt. No. 13. To date, no other person or entity has filed an answer to the Verified Complaint or a claim to the Defendant Properties in this action.

On January 14, 2026, the Government moved the Clerk of Court to enter default and supported its motion with an affidavit. Dkt. Nos. 14, 14-1. On the same day, the Clerk entered default. Dkt. No. 15. The Government now moves the Court to enter a default judgment and final order of forfeiture against the Defendant Properties and any potential claimants. Dkt. No. 16.

## DISCUSSION

Federal Rule of Civil Procedure 55 provides for default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

---

[1] The United States has represented that Deborah Lee and the United States Marshals Service have agreed to resolve her lien and mortgage outside of this litigation through a written agreement, as permitted under 28 U.S.C. § 524(c)(1)(D).

2

defend." Fed. R. Civ. P. 55(a).  As this Court has explained, "[o]btaining a default judgment is a two-step process." United States v. Eleven Firearms, No. CV 614-100, 2015 WL 4409664, at *1 (S.D. Ga. July 17, 2015) (citation and internal quotation marks omitted).  First, "the plaintiff must seek an entry of default from the clerk of court; and second, after the clerk has made an entry of default, the plaintiff can seek a default judgment." Id.

Upon a showing by the United States that an entry of default was permissible, the Clerk of Court entered default on January 14, 2026, thereby completing step one as required by Federal Rule of Civil Procedure 55(a).  Dkt. Nos. 14, 15.  Through the pending motion, the United States seeks a default judgment and final order of forfeiture, in accordance with Rule 55(b)(2). Dkt. No. 16.

The United States has fully complied with Rule G of the Supplemental Rules for Admiralty and Maritime Claims ("Rule G"), as required.  See Eleven Firearms, 2015 WL 4409664, at *1–2.  The Complaint was verified, established the grounds for subject-matter and *in rem* jurisdiction as well as venue, described the property with reasonable particularity, stated the location of the property, described the statutory authority for forfeiture, and established the factual basis for forfeiture.  Id. at *1 (citing Rule G(2)); see also Dkt. No. 1.  Further, the United States has met its reasonable notice requirements, through regular and certified mail, filing *lis pendens*, posting notice on the properties, and publication.  Eleven Firearms, 2015 WL 4409664, at *2 (citing Rule G(4)); see also Dkt. Nos. 3, 4, 5, 7.

The sole claim received was withdrawn on January 13, 2026.  Dkt. No. 13.

3

No other known potential claimant or any other person or entity has filed a claim, nor has an answer been filed within the time period for filing, warranting the entry of a default judgment in this case.

## CONCLUSION

For the reasons stated above, the Government's Motion for Default Judgment and Final Order of Forfeiture, dkt. no. 16, is hereby **GRANTED**.

All rights, title, and interest in the Defendant Properties are hereby forfeited to and vested in the United States, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff, **TERMINATE** all deadlines and motions, and **CLOSE** this case.

**SO ORDERED** this 12 day of March, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA